# THE CITY OF ELGIN

*v.*

## EDSON A. KIMBALL *et al.*

1. GROUND OF RECOVERY—*presumption.* Although a declaration to recover damages to goods may not be broad enough to admit a recovery of damages for an injury to the building containing them, the judgment will not be reversed on account of the admission of evidence as to the damages to the latter, where the recovery is not so large as the evidence shows the damages to have been to the goods. In such case it will be presumed the jury allowed no damages except as to the goods.

2. MUNICIPAL CORPORATION—*liability for damages resulting from manner of changing grade of street, etc.* While a city may change the grade of a street at will or pleasure, yet, where it is changed and sewers or drains are constructed for the purpose of carying off surface water, and they are constructed in such an imperfect manner that the water is turned into the basement of a building of a lot owner on the street, the city will be liable for such damages as may arise from the defective improvement.

3. PRACTICE—*time to take advantage of variance.* In an action to recover damages caused to a building, the defendant can not take advantage of a variance between the averment and proof as to the location of the building, in this court, for the first time. If he fails to make the objection in the court below so as to give an opportunity to obviate it by amendment of the pleadings, he will be held to have waived it.

APPEAL from the Circuit Court of Kane county; the Hon. HIRAM H. CODY, Judge, presiding.

Mr. EUGENE CLIFFORD, for the appellant.

Messrs. BOTSFORD & BARRY, for the appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought by appellees against the city of Elgin, to recover damages caused by flooding the basement of a building occupied by them on a certain street in the city. The flooding occurred, as is alleged, by reason of the negligent conduct of the city in permitting the mouth of

a sewer on the street to become filled up with stones, sticks and debris, thus diverting the water across the street into the basement of appellees' building.  A trial of the cause before a jury resulted in a judgment in favor of appellees for $160, to reverse which the city prosecuted this appeal.

The first error relied upon is, the decision of the court in refusing to confine the evidence to the damage done the goods. The averments of the declaration are broad enough to allow a recovery for such damages as may have occurred to the building as well as to the goods, but if such were not the case the judgment could not be reversed on this ground, because the recovery was not as large as the evidence showed the damage to have been to the goods, and the presumption must be that no damages were allowed by the jury except as to the goods.

It is next insisted, that appellees' third instruction assumes as a fact that the mouth of the sewer had been clogged or stopped up, while the question of fact should have been left to be found by the jury from the evidence.  An instruction which assumes a disputed fact in a case to be true, would be erroneous, but the instruction complained of can not be held liable to the objection urged against it.  The purpose of the instruction seems to have been to direct the attention of the jury to the question whether the city knew that the mouth of the sewer had been stopped up, and while the language employed might admit of criticism, yet we do not regard the instruction liable to mislead the jury.

The fourth instruction is claimed to be erroneous.  It, in substance, declares that if the jury find that the city raised the grade of the street in front of the premises occupied by appellees, and caused to be constructed a sewer or drain in the street to carry off the surplus water, and that the sewer was defective so that it would not carry off the surplus water, and it was forced into the basement of appellees' building, then the city would be liable.  We understand the rule to be well settled in this State, that while a city may change the grade of a street at its own will or pleasure, yet, when the grade is

changed and sewers or drains are constructed for the purpose of carrying off surface water, and are constructed in such an imperfect manner that the water is turned into the basement of a building of a lot owner on the street, the city will be liable for such damages as may arise from the defective improvement. *City of Aurora* v. *Gillett*, 56 Ill. 132; *City of Aurora* v. *Reed*, 57 id. 29; *City of Bloomington* v. *Brokaw*, 77 id. 194. The principle involved in the instruction is sustained by the cases cited, and it will not be necessary to repeat here the reasons for the rule therein adopted.

The fifth and sixth instructions are also claimed to be erroneous, but while they may not have been prepared with that degree of care which should be observed, yet, they are, in substance, in harmony with the principles declared in the cases cited, and could not mislead the jury.

It is also urged, that the court erred in modifying the instructions of appellant. The modifications of appellant's instructions were slight, and we perceive no error in the changes made. The instructions as given placed the law involved in the case fairly before the jury, and we are unable to see how appellant's case was prejudiced by any instruction given by the court.

It is next urged, that there was a variance between the averments and proof in regard to the location of the building where the damages were done. No objection was interposed on the trial to the proof, on the ground of a variance, and the question made for the first time in this court comes too late. Had the objection been made in the circuit court, the declaration could have been amended and thus the ground of the objection obviated, but appellant saw proper to withhold the objection on the trial, and its silence must be regarded as a waiver of the objection.

So far as the record before us shows, the merits of the case were fully submitted to the jury, and we perceive no ground upon which the judgment can be disturbed. It will be affirmed.

*Judgment affirmed.*