## THE WIGHT FIRE PROOFING COMPANY

### v.

### PETER POCZEKAI.

*Filed at Ottawa October 31, 1889.*

1. EVIDENCE—*opinions of witnesses.* As to matters which do not so far partake of the nature of a science as to require a course of previous habit or study in order to an attainment of a knowledge of them, the opinions of witnesses, though experts, are not admissible as evidence.

2. SAME—*on the question of negligence.* Where the negligence of the defendant, relied on as a ground of action, is in the manner in which the servants of the defendant proceeded in getting ready for the performance of certain work, evidence to show a want of negligence in a different matter will be properly excluded.

3. PRACTICE— *directing what the verdict shall be.* Where there is evidence tending to prove the facts necessary to a recovery by the plaintiff, it is not error for the trial court, at the conclusion of the plaintiff's case, to refuse to instruct the jury to find for the defendant.

4. In an action to recover damages for an injury caused by alleged negligence on the part of the defendant, the court modified an instruction asked by the defendant, by the insertion of the word "sufficient," so that it concluded: "If the fact of negligence be doubtful, the defendant is entitled to the verdict. The fact of an accident having occurred is not of itself [sufficient] evidence of negligence:" *Held,* that there was no error in the modification. In such case, the fact that a girder on the roof of a house did fall, the falling of which caused the injury, afforded some evidence of negligence under the circumstances proved, and the court properly refused to exclude that fact wholly from the consideration of the jury on the question of negligence.

5. SAME—*time to object—for a variance.* A party must take advantage of a variance between the pleadings and the evidence in the trial court, so that it may be obviated by amendment. The failure to there object will be regarded as a waiver of the objection.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. William Eliot Furness, for the appellant:

This court may review the evidence to see if it justified the rulings of the trial and Appellate courts.   *Holmes* v. *Railroad Co.* 94 Ill. 444; *Union Ry. Co.* v. *Shacklet,* 119 id. 232; *Railroad Co.* v. *Thompson,* 116 id. 159; *Launtz* v. *People,* 113 id. 144; *City of Mattoon* v. *Fallin,* id. 250; *Fitch* v. *Johnson,* 104 id. 119.

Not only must negligence be shown, but this negligence must be shown to have caused the accident.   Shearman & Redfield on Negligence, sec. 25; Weeks on Damnum Absque Injuria, sec. 120; Bigelow on Torts, chap. 16, sec. 9; Pollock on Torts, pp. *252, 360; Blackstone's Pub. Ed.; *Hammack* v. *White,* 11 C. B. (N. S.) 588; *Callon* v. *Wood,* 8 id. 568; *Railroad Co.* v. *Jones,* 76 Ill. 311; *Hunting* v. *Baldwin,* 6 Bradw. 547; Cooley on Torts, (ed. 1880,) pp. 68, 69; *Marble* v. *City of Worcester,* 4 Gray, 395; *Haley* v. *Railroad Co.* 21 Iowa, 15; *Railroad Co.* v. *Carroll,* 12 Bradw. 643; *Harlan* v. *Railroad Co.* 65 Mo. 22; *Daniel* v. *Railroad Co.* L. R. (3 C. P.) 216; *Holbrook* v. *Railroad Co.* 12 N. Y. 236; *Kelsey* v. *Jewett,* 28 Hun, 51; *State* v. *Railroad Co.* 58 Md. 482; *Railroad Co.* v. *Boyer,* 97 Pa. St. 91; *Pennsylvania Co.* v. *Hensil,* 70 Ind. 569; *Lester* v. *Pittsford,* 7 Vt. 158; *Crandall* v. *Transportation Co.* 16 Fed. Rep. 75; *Smith* v. *Railroad Co.* 37 Mo. 287; *Parrott* v. *Wells,* 15 Wall. 524.

There is a variance between the declaration and the evidence.   *Railroad Co.* v. *McKee,* 43 Ill. 119; *Railroad Co.* v. *Foss,* 88 id. 551; *Railroad Co.* v. *Morgan,* 72 id. 155; *Gavin* v. *Chicago,* 97 id. 66; *Bloomington* v. *Goodrich,* 88 id. 558; *Railroad Co.* v. *Beggs,* 85 id. 80; *City of Mattoon* v. *Fallin,* 113 id. 249.

The modifying of the instruction of the defendant may have prejudiced the jury.

The refusal to allow the witness Wight to answer the questions as to the effect of putting up the centering boards, was error, because the witness might have shown that the contin-

uing to work by the defendant's servants,—their work being to put up the centering boards,—was not negligence, but the very reverse.

Mr. NELSON MONROE, for the appellee:

In this case, which was one for negligence, a recovery was had in the trial court, which judgment was affirmed by the Appellate Court. This court is precluded from considering or from examining any of the controverted questions of fact, or from considering whether the verdict is sustained by the evidence. *Railroad Co.* v. *Morgenstern,* 106 Ill. 216; *Fitch* v. *Johnson,* 104 id. 111; *Bennett* v. *Connelly,* 103 id. 50; *City of Mattoon* v. *Fallin,* 113 id. 249; *Bridge Co.* v. *Comrs. of Highways,* 101 id. 518.

The point endeavored to be made in appellant's brief is, that this court, while it can not review any controverted questions of fact, may examine the facts as to whether they are sufficient to sustain a recovery or authorize the judgment. This is not the rule.

The rule, as laid down by the court, is, that the judgment of the Appellate Court is conclusive, not only of the evidentiary facts, but also the principal facts upon which a right of recovery is claimed. *Bridge Co.* v. *Comrs. of Highways,* 101 Ill. 518; *City of Mattoon* v. *Fallin,* 113 id. 249; *Fitch* v. *Johnson,* 104 id. 111.

This court can not review questions of fact, except as to the ruling of the trial court as to their admission in evidence, or for the purpose of passing upon the instructions. *Bridge Co.* v. *Comrs. of Highways,* 101 Ill. 518; *City of Mattoon* v. *Fallin,* 113 id. 249.

The objection of a variance can not be made for the first time in this court. *City of Elgin* v. *Kimball,* 90 Ill. 356; *Snell* v. *Cottingham,* 72 id. 161; *Railroad Co.* v. *Estes,* 96 id. 470.

Both of the two questions asked, to which the court refused to allow answers by the witness, were questions for the jury

to answer in their own minds, after they had been told all the facts and circumstances connected with and surrounding the matters which were being inquired about.    *Pennsylvania Co.* v. *Conlan,* 101 Ill. 93.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Appellee recovered judgment in the Superior Court of Cook county, in case, for $2000, and on appellant's appeal the judgment was affirmed by the Appellate Court for the First District.

Busse & Sturtevant had the contract for the mason work on a building which the Phœnix Insurance Company of Brooklyn was erecting on the south-west corner of Clark and Jackson streets, in Chicago, and appellee was working for them.    On December 6, 1886, the mason work was finished, and appellee was employed, with others, in lowering certain planks which had been used by the masons for scaffolding, from the attic floor of the unfinished building, through an elevator-way, by means of a rope, to the floor below.    In the performance of this duty, and at the time he was injured, appellee was using due and ordinary care.    Over him, on the framework of the roof, some of the servants of the appellant were at work.    Appellant had a contract for doing the fire-proofing of the building, and its servants on the frame of the roof composed a gang of three or four men, who were preparing the "centerings," so-called, necessary to be put in place in order to enable the appellant to lay the fire-proof arches between the girders forming the frame of the roof.    The centerings were a sort of platform, supported from above, built close to and under the girders, on which the tiles of the arches, flat on the under side, were laid and rested until the mortar with which they were built should harden, and on which the workmen employed in springing the arches stood while working.    The appellant had nothing to do with the iron work of the building, and the girders of the roof had been put in place by a contractor who had

done the iron work.   They ran north and south, were some six or seven feet apart, and, as the morning in question was frosty, they were slippery.   The centering gang were working over that part of the attic floor where appellee was at work, and Lynch, the foreman of the gang, in stepping around upon the roof girders, stepped on a short iron girder, weighing five or six hundred pounds, and loose at both ends, which was no part of the roof, and which was lying east and west across the north and south girders, which were, in that place, about as far apart as the short girder was long.   Lynch called the attention of Lee, another of appellant's workmen, to the fact of the loose girder.   A few moments thereafter he ordered Lee to go below to the attic floor and tie the timber cross-pieces to a rope, by which he (Lynch) would haul them up.   This order was obeyed by Lee, and when the rope was tied to one of the cross-pieces he notified Lynch to pull up.   The latter at this time was standing, with the rope, on one of the girders this loose girder was resting on, and not more than three or four feet away from it.   Lee, who was a witness for appellee, stated in his testimony:  "As he (Lynch) hauled away I looked up after the cross-piece, and as the cross-piece got up I seen this girder turn over on its end and drop."   This short girder, in falling, struck appellee, and inflicted upon him the injuries to recover damages for which the suit was brought.

Several grounds are urged for the reversal of the judgment. It is claimed there is a variance between the declaration and the evidence in respect to the acts of negligence which caused the injury.   The variance suggested does not seem to be of a very substantial character, but be this as it may, appellant can not now avail himself of it.   It does not appear, from the record, that any claim of variance on the ground now indicated was made in the trial court, and if there made, and deemed essential, it could readily have been obviated by amendment. The failure of appellant to there object on the ground of the variance, must be regarded as a waiver of the objection.   *City*

*of Elgin* v. *Kimball,* 90 Ill. 356; *Indianapolis and St. Louis Railroad Co.* v. *Estes,* 96 id. 470; *St. Clair County Benevolent Society* v. *Fietsam,* 97 id. 474.

The main ground of alleged error is, that when appellee rested his case the Superior Court denied the motion of appellant to direct the jury to return a verdict for the defendant. The *gist* of the action was the alleged negligence of the defendant, through its servants, and that such negligence was the proximate cause of the injury to the plaintiff. There was evidence before the jury tending to prove both of these propositions. The foreman of appellant knew the girder was loose, and that it rested upon frosty and slippery iron supports, and whether or not it was culpable negligence, under such circumstances, to stand upon the supporting girder, and in such close proximity to the short and loose girder, and pull up timbers from below with a rope, was a proper question of fact for the determination of the jury. As the cross-piece got up to where Lynch was standing, not more than three or four feet from the girder, the girder was seen to turn on its end and fall. We are unable to say, as matter of law, it was not a legitimate inference and conclusion for a jury, from this testimony, taken in connection with the other circumstances in proof, that the timber, or the rope with which it was hauled, came in contact with the girder and caused one end of it to slide from its support. There was no error in the action of the court in refusing to take the case from the jury.

The court sustained objections to two questions asked of the witness Wight, and such refusal is assigned as error. The questions were as follows: "Placing the centering boards in position, what effect would it have as to any mass or plank resting on top of the beams, with reference to its reaching or falling below?" and, "When the centering beams are in position, can anything fall from above down below?" Such ruling was not erroneous, and for two sufficient reasons. In the first place, the rule is, that as to matters which do not so far par-

take of the nature of a science as to require a course of previous habit or study in order to an attainment of a knowledge of them, the opinions of witnesses, though experts, are not admissible as evidence. (*Pennsylvania Co.* v. *Conlan*, 101 Ill. 93, and authorities there cited.) Besides this, the negligence here in issue was not in the mere act of placing the centering boards in position, but was in the alleged negligent manner in which the servants of appellant proceeded in getting ready for the performance of such work.

It is not claimed it was error to refuse the last instruction in the series asked by appellant, but it is insisted the modification made therein by the court rendered it erroneous. The modification made was the insertion of the word "sufficient." The conclusion of the instruction, as given to the jury, was as follows: "If the fact of negligence be doubtful, from the evidence, the defendant is entitled to the verdict. The fact of an accident having occurred, is not, of itself, sufficient evidence of negligence." It would seem, the fact the girder did fall affords some evidence it was lying in such condition and position upon the beams as that it was liable to be precipitated below, where appellee and others were at work, if a moving body came in contact with it. The servants of appellant knew it was there, and were fully advised it was loose, and that the irons which supported it were frosty and slippery, and we see no good reason why the fact it actually fell should have been wholly excluded from the jury in the consideration of the question of the alleged negligence. The court told the jury, in substance, that the fact it fell did not establish negligence, but, beyond that, left the question of negligence to be determined by the jury upon all the evidence before them. We are unable to see that appellant has any cause of complaint in this action of the court.

We find no error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*