THE TRADERS' MUTUAL LIFE INSURANCE COMPANY

v.

HULDA L. JOHNSON.

200  359
203  ³447

|200   359
|210  ¹233|
|112a  ¹467|

*Opinion filed December 16, 1902.*

1. VARIANCE—*grounds of objection must be specifically made in the trial court.* An objection to the admission of evidence on the ground of variance is waived unless the objection is specifically made and the grounds thereof pointed out in the trial court.

2. BENEFIT SOCIETIES—*when forfeiture is not self-executing.* If there is no provision in the application for membership, the certificate of membership or the application for re-instatement, or any by-law, that false representations in an application for re-instatement shall render the certificate void, a forfeiture alleged to arise from such cause is not self-executing.

3. SAME—*when right of forfeiture is waived.* If a benefit society is fully advised by the beneficiary, after the member's death, of the alleged false representations in the member's application for re-instatement, and the society does not then insist upon a forfeiture upon that ground but recognizes the validity of the insurance by requiring the beneficiary to prepare proofs of death, an intention to waive the right of forfeiture follows as a legal result.

4. SAME—*when society is bound by the acts of its president.* A benefit society is bound by the acts of its president, in the absence of any proof that his ordinary powers as president were abridged by the by-laws of the society.

*Triple Link Life Ins. Co.* v. *Johnson,* 101 Ill. App. 559, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

LOUIS KISTLER, for appellant.

UTT BROS., and LLOYD JONES, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment of the Branch Appellate Court for the First District affirming a judgment of the superior court of Cook county in favor of appellee.

The appellee, Hulda L. Johnson, brought suit against the Triple Link Life Insurance Company, whose name has been changed during the pendency of this suit to that of the Traders' Mutual Life Insurance Company, on a membership certificate originally issued March 1, 1894, by the Triple Link Mutual Indemnity Association to her deceased husband, Louis A. Johnson, for the sum of $1000. Louis A. Johnson failed to pay his assessment for the month of June, 1898, and on July 1 following he made and signed an application for re-instatement and paid the required dues, in which statement he averred that having forfeited his membership he made this certificate to secure re-instatement; that since making his original application for membership he had not suffered from any serious or protracted illness, received any personal injury or been prescribed for or attended by any physician, and that he was in good health and free from all disorders, infirmities and weakness, either hereditary or acquired, tending to impair his health or shorten his life, and that in consideration of securing a re-instatement he warranted each of these statements to be true. On this application was printed the following by-law of the order: "All assessments not paid on or before 5 P. M. of the last working day of the month in which call is made are lapsed; but such lapsed members may be re-instated within twenty (20) days by signing usual certificate of good health and paying a penalty of ten cents on each $1000 insurance represented in lapsed certificate, in addition to amount due." Johnson had complied with all the provisions of the by-law above quoted to secure re-instatement. He had signed the application and paid the required penalty and amount due.

It is insisted all the material statements of the application for re-instatement were false, and were known to be false by the applicant and the beneficiary. No by-laws of the appellant are in evidence in the record declaring that false representations or false warranties

in an application for re-instatement should operate as a forfeiture of the insurance contract. Neither in the certificate of membership, nor in the application for membership, nor in the application for re-instatement, is there any provision declaring that any false representations or warranties shall render the certificate of insurance null and void and operate as a forfeiture. The forfeiture, if there be any, is therefore not self-executing, as was the case in *Lehman* v. *Clark*, 174 Ill. 279.

The defense was, that the statements made in the application for re-instatement, as to the condition of the health of said Johnson, were all false, and were known to Johnson and the appellee beneficiary to be false; that he had been sick with serious illness prior to the alleged forfeiture of his policy; that he was a very sick man at the time he made the statements for re-insurance, and that he finally died from the illness from which he was suffering at the time he made such certificate. The assured died in November of the same year in which he was re-instated in July. The appellee insisted that the company, after having full knowledge of all the facts as to the condition of health of said Johnson prior to and at the time of the application for re-instatement, and from thence until the date of his death, waived its right to declare a forfeiture of the policy or rely upon a breach of the warranty contained in the application for re-instatement.

It is first complained by the appellant that the court erred in permitting the appellee to introduce proof for the purpose of sustaining and establishing the alleged waiver. The ground of the objection is, that neither in the declaration nor in any other pleading did the appellee disclose that she would rely upon a waiver. It appears from the record that the appellant company filed a demurrer to the declaration, but subsequently withdrew it and filed a special plea, in which it set up as a defense to the action the alleged false and fraudulent statements

in the application for re-instatement.   To this special
plea the appellee filed a replication, in which she set
forth the facts relied upon to constitute a waiver.   The
appellant company presented a demurrer to the replica-
tion, which the court ordered to be carried·back and sus-
tained to the special plea.   The court ordered that leave
be given the appellant company to file the general issue
and "all defenses to come in under the plea of general
issue."   Under this order of the court the appellant filed
the general issue and the parties proceeded to the trial.
When the witness was produced and the testimony elic-
ited intended to sustain the waiver, the appellant com-
pany did not interpose as an objection to the reception
of such evidence that the pleadings were insufficient to
warrant that defense to be made.   The appellee was the
witness by whom it was sought to establish the facts
relied upon to constitute the waiver.   A number of ob-
jections were interposed,—some to a question as being
leading, others to strike out the answers of the witness
as being inadmissible and irrelevant, and to some ques-
tions and answers merely general objections were inter-
posed.   An objection to the admission of evidence on the
ground of variance will be regarded as waived unless spe-
cifically made and the grounds of the objection pointed
out in the trial court, in order that an opportunity may
be given to amend the pleadings and obviate the objec-
tion.   *Wight Fireproofing Co.* v. *Poczekai,* 130 Ill. 139.

It is next complained the court erred in giving in-
struction No. 1 on behalf of the appellee, plaintiff below.
The instruction was an follows:

"The jury is instructed that if they believe, from the
evidence, that soon after the death of Louis A. Johnson
the plaintiff called at the general offices of the defendant
company in the city of Chicago, and there informed Swan
A. Miller, the president of the defendant insurance com-
pany, of the real facts in relation to the sickness and
condition of health of Louis A. Johnson on and prior

to the first day of July, 1898, and that the said Louis A. Johnson had consulted and been treated by physicians prior to said time, and said Swan A. Miller, president of said company, after he knew all of said facts, informed the plaintiff that if she would make out, or cause to be made, proofs and certificates of the death of said Louis A. Johnson and present the same to said defendant company that said policy would be paid, and that the plaintiff, relying upon said statements, thereafter, at trouble and expense to her, if any there was, caused proofs and certificates of death to be prepared and presented to the defendant company, which said proofs and certificates were accepted and retained by said company and its officers, the defendant thereby waived its right to insist upon the policy being void because of misrepresentations contained in the application for re-instatement."

If the appellee, after the death of the assured, advised the appellant company fully as to all the facts with relation to the alleged false representations and fraud in the application for the re-instatement of the assured, upon which rested the alleged right to declare a forfeiture of the policy, and the appellant company did not then insist on a forfeiture but recognized the continued validity of the policy by requiring the appellee to go to the trouble and expense, if any, of preparing proof of the death of the assured and of other facts connected with the loss, an intention to waive the forfeiture or breach of warranty contained in the application for re-instatement would follow as a legal result. *German Fire Ins. Co.* v. *Grunert*, 112 Ill. 68; *Supreme Tent K. of M. of the World* v. *Volkert*, 57 N. E. Rep. 203; *Titus* v. *Insurance Co.* 81 N. Y. 410; *Cannon* v. *Home Ins. Co.* 53 Wis. 585; 1 Am. & Eng. Ency. of Law, (2d ed.) 938, 941; Joyce on Insurance, sec. 586.

Appellant contends it is not bound by the acts of its president, but only by the action of its board of directors. "The general rule is, a corporation acts through its

president, and through him executes its contracts and agreements, and an act pertaining to the business of the corporation, not clearly foreign to the general power of the president, done through him, will, in the absence of proof to the contrary, be presumed to have been authorized to be done by the corporate body. (*Moser* v. *Kreigh*, 49 Ill. 84; *Mitchell* v. *Deeds*, id. 416; *Smith* v. *Smith*, 62 id. 493; *Glover* v. *Lee*, 140 id. 102.) An exception to this general rule may be created by the provisions of the by-laws of a corporation." (*Bank of Minneapolis* v. *Griffin*, 168 Ill. 314.) In Bliss on Life Insurance, (sec. 275,) on the authority of *Dilleber* v. *Knickerbocker Life Ins. Co.* 76 N. Y. 567, it is said: "The company will be bound by the acts of the president and secretary performed in its office, whether such acts are in writing or verbal, whether they make a contract, waive a forfeiture or give a consent; and so are the adjudged cases." We find no proof in the record that the ordinary powers of Mr. Miller, as president of the appellant company, were in anywise abridged by the by-laws of the company. He testified he was "the president and manager of the company from its organization, and conducted and directed the company's business and examined all losses." The court did not err in granting the instruction under consideration.

The complaint the court improperly modified certain instructions asked by the appellant company is disposed of by what has already been said. The modifications were necessary to introduce into the instructions the element of waiver, which the instructions as drawn entirely ignored.

The judgment must be and is affirmed.

*Judgment affirmed.*