## Alton Railway, Gas and Electric Company v. Emma Webb.

1. VARIANCE—*cannot be first raised on appeal.* The objection of a variance cannot be first raised on appeal.

2. NEGLIGENCE—*when instruction upon, erroneous.* An instruction which undertakes to tell the jury what facts constitute negligence, is improper and properly refused.

3. JUDGMENT—*when not excessive.* A judgment of $2,500 in an action for personal injuries is not excessive where it appears that two and one-half years after the injury the plaintiff was still suffering therefrom.

Action on the case for personal injuries. Appeal from the City Court of Alton; the Hon. ALEXANDER W. HOPE, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

LEVI DAVIS and HENRY S. BAKER, for appellant.

THOMAS F. FERNS, for appellee; E. C. HAAGEN and J. V. A. MARSH, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On August 10, 1901, appellant was the owner of and engaged in operating several lines of electric street cars in the city of Alton. One line had its terminus in the village of North Alton, a suburb of the city, extending through and along State street in that village and connecting with State street in the city of Alton. State street runs in a northerly and southerly direction and Bluff street in the city of Alton is laid out at right angles to it. The first street north of Bluff street is Cliff street and the first one south is Belleview avenue. Appellee at the time in question was 24 years of age, unmarried and living with her parents on Bluff street, about two blocks from its intersection with State street in the city of Alton and was then working in a shoe factory. The streets are 66 feet wide and the length of the blocks between streets 372 feet. On the evening of the day above mentioned, ap-

pellee boarded one of appellant's cars in the city of Alton and rode out to North Alton to attend a dance at a summer place of amusement, known as Reck's Garden. The dance was not over until about midnight, at which time the regular cars had ceased to run for the night. Appellant, however, had two extra cars waiting to convey those who attended the dance back to Alton. At the conclusion of the dance, appellee boarded the car and took a seat near the middle next the aisle. By the time the car started all the seats were filled and people were standing in the aisles and on both platforms. The platforms were vestibuled, one side being closed and the other side open, with one step. The seating capacity of the car was 28 but the number of passengers aboard sitting and standing was 69, fifteen to eighteen of them being on the back platform which was about four by six feet and contained a motor box. The car ran south on State street at a speed estimated from fifteen to twenty miles an hour. It had a single truck, the wheels being under the center of the car, and the heavy load on the rear platform caused the car, running at the rapid rate named, whenever it struck a low place in the track, to rock up and down and this motion would continue for some time thereafter. About the time the car passed Cliff street, appellee attempted to ring the bell by pressing the button placed near the seat for that purpose. As the car approached Bluff street, there was no slackening of the speed, so appellee made her way to the back platform and asked the conductor why he did not stop. He asked her if she rang the bell and she replied that she did. He then signalled the motorman to stop at Belleview avenue. There was some movement in the crowd on the back platform and at a point about 150 feet north of Belleview avenue, appellee fell from the car. A second or danger signal was thereupon given and the car stopped some 150 feet beyond Belleview avenue, or 366 feet from the place where the injury occurred. After the car was stopped appellee was found unconscious lying on her back, with her head toward the north. Her left arm was

Alton Ry., Gas and Electric Co. v. Webb.

fractured and there was a cut on the back of her head four inches long, extending to the bone, with a blood tumor reaching to it.   Her right arm was sprained and there were bruises about the hips and shoulders.   She suffered from nervous collapse as the result of her injuries, and the fractured arm caused her a great deal of pain.   She also claims that she was injured internally and that she still suffers from dizziness caused by her injuries.   The electric bell did not ring when appellee pressed the button for the reason that the motorman had placed paper under the switch to prevent children from ringing the bell while the car was waiting at the park and neglected afterwards to remove it when the car started.

When last seen on the car appellee was at the back of the platform on or near the step.   Two persons who were sitting on the steps had risen and made way for her to get off.   Appellee claimed that she had her back to the step and was pushed off by the jostling of the crowd, while it is the claim of appellant that she was facing the step and walked off the car.   On August 22, 1902, appellee brought suit against appellant and subsequently obtained a verdict in her favor for $5,000.   A remittitur of one-half of the verdict was entered and judgment given for $2,500.

Appellant complains that the verdict was not sustained by the evidence; that certain instructions asked by it were improperly refused by the court and that the verdict was excessive.   It is also insisted by appellant that there is such a variance between the declaration and the proofs, as to preclude a recovery in the case by appellee; but even if this point was well founded, the objection could not be considered here for the reason that it does not appear from the record to have been raised at all in the court below. Traders Mutual Life Insurance Co. v. Johnson, 200 Ill. 359.   The negligence charged in the declaration was the muffling of the bell, the overcrowding of the car and platform and the running of the car at a high and dangerous rate of speed.

It was fully proven that the call bells were cut off; that

the car and back platform were crowded; that the car was running at a speed of from fifteen to twenty miles an hour; that when it struck the low places the car rocked up and down and caused the crowd to sway; that the bell failed to respond when appellee pressed the button, by reason of the paper placed under the switch, and therefore the car was not stopped at the place where appellee desired to alight; that appellee at a late hour of night was being carried past the street where she lived, at a rapid rate of speed; that she went to the back platform and notified the conductor to stop the car; that the conductor gave the signal to stop at Belleview avenue; that after she was injured the motorman, on the danger signal being given, did not stop the car until it was 150 feet beyond that street. Whether the conditions above set forth show negligence on the part of appellant, whether appellee exercised due care for her own safety, in rising from her seat and going to the back platform, to notify the conductor to stop the car when the ordinary means had failed, whether she also exercised such care while on the platform and whether she was pushed or walked off the car, were all questions of fact for the jury, and no good reason appears in the record why their finding of the issues in favor of appellee should be disturbed.

Instructions ten and eleven offered by appellant were properly refused, as they tell the jury under certain conditions they should find the defendant not guilty, when the question was one of fact for the jury and not of law for the court.

Instruction twelve contained the same objection and in addition improperly told the jury what certain evidence in the case showed. Defendant's refused instruction fifteen stated appellant's theory as to what each of the three counts of appellee's amended declaration contained and told the jury that in case they found a certain condition of facts, assumed by appellant to be inconsistent with said three counts, they should find that the plaintiff was not entitled to recover under any of said counts. We are of

opinion the third, if not the other two counts, fails to bear the construction assumed, and therefore the instruction was properly refused.

Appellee testified that at the time of the last trial of this case, some two years and a half after the injury occurred, she was still suffering from the effects of the same and taking medicine therefor. Under the circumstances of this case, the damages awarded are not sufficiently large to warrant a reversal of the judgment on that account.

The judgment of the court below is affirmed.

*Affirmed.*