### Hanover Coal Company v. C. W. Pullen.

CORPORATION—*power of president of.* The president of a corporation *prima facie* has authority to bind a corporation by contract. If such authority is contested, the burden is upon the party asserting lack of authority to sustain his position by evidence.

Assumpsit. Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

FRANK P. DRENNAN, for appellant.

HOGAN & WALLACE, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee, C. W. Pullen, instituted his suit in *assumpsit* against appellant, Hanover Coal Company, and one John C. Hall, to recover an amount alleged to be due appellee for services. There was no service of summons upon Hall and the case proceeded to trial against appellant, Hanover Coal Company, and resulted in a verdict and judgment against appellant for $369.75.

It is not denied that appellee performed the services claimed by him or that the amount of the judgment is not due to appellee for such services, but it is insisted that the contract for such services was

made by appellee with Hall individually and that appellant is not liable therefor.

The evidence on behalf of appellee tends to show that in October, 1905, he was employed by Hall to repair an old coal mining shaft and other property appurtenant to an old coal mine at Edinburg, Illinois, and that he continued in the prosecution of such work and in the capacity of superintendent while said mine was being partially operated until April, 1906. It is not controverted that Hall was president of appellant corporation and that the services performed by appellee inured to the benefit of that corporation, but it is insisted that in the absence of some record action by the directors of said corporation expressly authorizing its president to employ appellee, the employment of appellee was unauthorized and appellant is not bound by the action of Hall in that regard. The president of a corporation is the chief executive officer of such corporation and is clothed with at least the apparent authority to make contracts binding upon the corporation. If the scope of the authority of such official of a corporation is abridged by its by-laws it is incumbent upon the party denying the authority of such official to introduce such by-laws in evidence. In Traders' Mutual Life Insurance Co. v. Johnson, 200 Ill. 359, it was said: "The general rule is, a corporation acts through its president, and through him executes its contracts and agreements, and an act pertaining to the business of the corporation, not clearly foreign to the general power of the president, done through him, will, in the absence of proof to the contrary be presumed to have been authorized to be done by the corporate body." It was ordinarily within the scope of the authority of Hall, as president of appellant corporation, to enter into a contract with appellee for the services performed by the latter and there is no evidence in the record of any by-law or other corporate action limiting or abridging Hall's authority in the premises. In the ab-

sence of any such evidence the jury were not unwarranted in finding that the contract in question was the contract of appellant corporation and that appellant was bound thereby.

The instructions given to the jury, taken as a series, were in complete harmony with the views here announced, and the record being free from any prejudicial error the judgment will be affirmed.

*Affirmed.*