## Theodore Bouillon, Appellee, v. City of Greenville, Appellant.

1. MUNICIPAL CORPORATIONS—*liability for damages from flood where sewer inlets obstructed.* A municipal corporation is liable for the destruction of merchandise in basement of premises caused by water from an unprecedented flood where it was negligent in permitting sewer inlets in the street to become obstructed so that the surface water could not be carried off.

2. NEGLIGENCE—*negligence and contributory negligence in causing flooding of goods in basement of premises as questions for the jury.* In an action against a municipal corporation to recover damages for merchandise destroyed by surface water from street due to obstructions alleged to have been negligently permitted to gather in the sewer inlets in the street so that the water could not be drained off, wherein the defense was that plaintiff was guilty of contributory negligence in that he had certain openings into the basement of his building and had placed some of his merchandise on the floor thereof, held that the questions of negligence and contributory negligence were for the jury.

3. APPEAL AND ERROR—*necessity that all instructions be set out in abstract.* Error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions are set out in the abstract.

4. APPEAL AND ERROR—*objections not raised below.* In an action against a municipality to recover damages for destruction of merchandise from surface water of street, held that where no objection to inventory of plaintiff's loss was made at the trial when it was offered in evidence, objection thereto came too late when made on appeal.

5. APPEAL AND ERROR—*evidence impeaching verdict must be in bill of exceptions.* To secure consideration of a claim that the jury returned a paper with their verdict from which it appeared that they reached their verdict by an improper method, the return of such a paper must be disclosed by the bill of exceptions; stating the alleged fact in a motion for a new trial or setting out the alleged paper in the motion does not make it a part of the record.

Appeal by defendant from the Circuit Court of Bond county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924. Rehearing denied October 4, 1924.

H. A. MEYER and C. E. DAVIDSON, for appellant.

Robert E. Wright, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee owns a store and warehouse near the junction of Second and Water Streets in the City of Greenville. Second Street runs north and south and was paved several years ago. Water Street runs west from Second Street and is a short distance north of the railroad depot. From the north and northwest there is a down grade to Water Street in which there is an open ditch that empties into a very large covered drain at the west side of Second Street. That covered drain extends across Second Street and carries the water to the east under a portion of and beyond appellee's property. When Second Street was paved the grade of the street at the junction of the two streets was raised from eight to eighteen inches. That raise was made at about the lowest points in the street and was about 60 feet from appellee's building. When the street was paved appellant placed sewer inlets near the four corners of the junction of the two streets. Those inlets were provided with covers that were readily removable. The rains frequently carried much debris upon and into those inlets causing them to become obstructed resulting in the place being flooded. The evidence shows that appellee had often removed such obstructions, and the covers as well, and the water then passed quickly into the covered drain. He called the attention of the city officers to the conditions on several occasions and in the fall of 1922 they removed some of the brick and put down new covers that were fastened to the pavement in such a manner that the water ran under the covers as well as through the openings therein.

In August, 1923, there was a very heavy rain. The evidence on the part of appellee is to the effect that a few days prior thereto appellant had cut the weeds

and grass along Water Street and left them in the street; that the rain carried the same with other debris upon the inlets which were thereby obstructed and appellee's premises flooded, the water being five or six feet deep in the basement; that his merchandise therein was destroyed. He recovered a verdict and judgment for $900.00.

Appellant contends that it cannot be charged with negligence because it provided drains sufficient to carry off all the surface water which it could be reasonably apprehended would gather at the point in question; that the damage was caused by an unprecedented rainfall in a short space of time. In other words that it was caused by *vis major* and no one can be held responsible. No doubt an unprecedented flood is an act of God but under the law a defendant is not relieved from liability occasioned thereby unless he was free from negligence that contributed to the loss and damage. *Wald v. Pittsburg, C., C. & St. L. R. Co.*, 162 Ill. 545; *Sandy v. Lake St. Elevated R. Co.*, 235 Ill. 194.

In the case at bar the drains were of sufficient capacity but the evidence on the part of appellee is to the effect that his premises were flooded by reason of the obstructions which were allowed to accumulate at the sewer inlets and which prevented the water from escaping into the drain. A city may be required to pay damages for injuries so occasioned. *City of Aurora v. Gillett*, 56 Ill. 132; *City of Alton v. Hope*, 68 Ill. 167; *City of Elgin v. Kimball*, 90 Ill. 356.

It is argued that appellee was guilty of contributory negligence in that he had certain openings into the basement of his building and placed some of his merchandise on the floor thereof. Appellee was not bound to presume that appellant would be negligent, but even if he were he was not required to abandon the ordinary use of his property or expend labor and money to protect himself against such negligent acts of ap-

pellant. *Cleveland, C., C. & St. L. Ry. Co. v. Stephens,* 173 Ill. 430-434. In our opinion the questions of negligence and contributory negligence were questions of fact for the jury and the court did not err in refusing to direct a verdict.

Appellant contends that the court erred in the giving and refusing of instructions but has failed to show by its abstract what instructions were given in its behalf. It has been repeatedly held that error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions are set out in the abstract, for the reason that there may have been other instructions given which cured the errors complained of. *Reavely v. Harris,* 239 Ill. 526-531; *Thompson v. People,* 192 Ill. 79.

It is argued that the court erred in overruling an objection when one of the witnesses testified that in estimating the damage to the merchandise he took into consideration the Pure Food Law [Cahill's Ill. St. ch. 56b]. There was other evidence to which no objection was offered which placed the damages at a larger sum than was fixed by the jury. Appellant offered no evidence as to the extent of the loss. No objection was made to the inventory at the time it was offered in evidence. It is too late to object to it now.

It is argued that the jury returned a paper with their verdict from which it appears that they reached their verdict by an improper method. If they returned such a paper the fact is not disclosed by the bill of exceptions. Stating the alleged fact in a motion for new trial or setting out the alleged paper in said motion does not make it a part of the record. *Mayes v. People,* 106 Ill. 306; *People v. Parker,* 284 Ill. 272. The trial court has not certified in the bill of exceptions that any paper, other than the verdict, was returned by the jury. We would not be warranted in holding that the jury was guilty of improper conduct.

No reversible error has been pointed out and the judgment is affirmed.

*Affirmed.*