(No. 2657—

JOHN FOGARTY AND ANNA FOGARTY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1937.*

HOGAN & COALE, for claimants.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Since August 1st, 1927, claimants have been and still are the owners in joint tenancy of a lot in the City of Taylorville, Illinois, having a frontage of 50 feet on Snodgrass Street and a depth of 150 feet. Snodgrass Street commences at Park Street and extends in a northerly direction. Park Street runs east and west and now constitutes a part of S. B. I. Route No. 48.

The Wabash Railway extends in a northeasterly and southwesterly direction, just east of claimants'. property. Such railway previously crossed Park Street at grade, but when said Park Street was made a part of S. B. I. Route No. 48, a subway was constructed under the railroad and in the construction thereof, said Park Street was excavated for some considerable distance on each side of the railroad right-of-way.

Claimants' lot is located approximately 100 feet north of the north line of Park Street, and the natural grade of the land prior to the excavation for the subway was in a southerly or southeasterly direction towards Park Street, such grade being approximately 4%. When the subway was completed a retaining wall was constructed along the north side of Park Street, including what had previously been the entrance from Snodgrass Street to Park Street, and a considerable quantity of excavated material was placed on the premises just north of such retaining wall, and between such wall and the claimants' property, thereby raising the level of such property a considerable extent and entirely cutting off any access from Snodgrass Street to Park Street. A drain was constructed near the southeast corner of claimants' lot for the purpose of taking care of the surface water, but there was testimony tending to show that such drain was not entirely effective and that the excavated material placed on the lots adjoining claimants' premises interfered in a substantial manner with the natural drainage of said lot.

Claimants purchased their lot in 1927, and thereafter constructed thereon a frame dwelling, consisting of four rooms, bath and basement, at a total cost of over $3,800.00.

Claimants contend that their property has been damaged as the result of the construction of said subway, in the following particulars:

1. By cutting off all access to Park Street from Snodgrass Street.

2. By interference with the natural drainage from their property as it existed prior to the improvement.

It is not contended by the respondent that claimants' property has not been damaged, but the question in dispute is the amount of the damáge which such property has sustained.

Claimants produced seven witnesses who testified as to the amount of damage to said property as the result of the construction of the subway and the other work in connection therewith as hereinbefore set forth. Respondent produced four witnesses who testified on the same subject. As is usual in cases of this kind, the witnesses differed widely in their estimates of the amount of damage. The highest estimate made by any witness for the claimants was $1,500.00, and the lowest estimate made by any witness for the respondent was $400.00.

Where private property is not taken, but is damaged for public use, the property owner is entitled to recover the damages which his property has sustained, and the proper measure of damages in such case is the difference between the fair cash market value of the property unaffected by the improvement, and its fair cash market value as affected by it. *Brand* vs. *Union Elevated Co.*, 258 Ill. 133; *Department of Public Works* vs. *Caldwell*, 301 Ill. 242; *Department of Public Works* vs. *McBride*, 338 Ill. 347.

Where a property owner's right of access to his property has been destroyed or interfered with, he is entitled to compensation for the damages sustained. *Rigney* vs. *City of Chicago*, 102 Ill. 64; *Barnard* vs. *City of Chicago*, 270 Ill. 27; *Lydy* vs. *City of Chicago*, 356 Ill. 230.

While the public authorities may change the grade of a street at their own pleasure, yet, when the grade is changed and sewers or drains are constructed in an imperfect manner, or where the inlets are negligently permitted to become obstructed, so that surface water cannot be carried off, and an adjoining property owner is damaged thereby, the property owner is entitled to recover for such damage. *Nevins* vs. *City of Peoria*, 41 Ill. 502; *City of Elgin* vs. *Kimball*, 90 Ill. 358; *Bouillon* vs. *City of Greenville*, 233 Ill. App. 500.

The question as to the right of a property owner to damages for property damaged but not taken as the result of a public improvement was very thoroughly considered by this

court in the consolidated cases of *Albert J. Moore, et al.* vs. *State,* Nos. 1957 to 1974, where the authorities were examined and the proper elements of damage considered. In that case we held that interference with the right of access and interference with natural drainage constituted proper elements of damage.

The court viewed the premises in question in this case and upon consideration of all of the evidence in the record, we feel that the fair cash market value of claimants' property has been depreciated as the result of the construction of the subway in question to the extent of $700.00.

Award is therefore entered in favor of the claimants for the sum of Seven Hundred Dollars ($700.00).