## CITY OF AURORA

*v.*

## WILLIAM B. GILLETT *et al.*

1. INSTRUCTIONS. It is not error to refuse instructions, although they may be proper in themselves, where they are substantially embraced in others which were given.

2. CITIES — HIGHWAYS — *how far a city is responsible for the manner of its exercise of the power to grade and drain the streets.* The rule in regard to the liability of a city for injury to private property, resulting from drains and sewers constructed by the city being defective or having become obstructed, by reason whereof surface waters from the streets are thrown upon the premises of an individual, is correctly laid down in the case of *Nevins* v. *The City of Peoria*, 41 Ill. 502, and is applied in this case.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

This was an action on the case brought by William B. Gillett and Abner Bushee, against the city of Aurora, to recover

damages resulting from the flooding of the basement of the Aurora House, in said city, occupied by the plaintiffs, in September, 1867, the flooding occurring, as is alleged, by reason of the gutters on both sides of Main street being filled up, and being otherwise defective.  It appears that the Aurora House, which was being used as a hotel, stands on the north-east corner of Main and La Salle streets, and prior to the flooding complained of, the city had extensively graded Main street and put in gutters on both sides of the street, and a culvert across Lincoln avenue, at the top of the hill above the Aurora House, on the south side of Main street, to turn the water from its natural course so as to flow through these gutters down Main street into Fox river, and thus provide, as the city supposed, a better drainage for that street, and the streets crossing it at the top of the hill.  It is alleged that by means of such drainage the city had increased the volume of water that would naturally have flowed down Main street.  The gutter and the culvert put in by the city drained, at the time of the flooding, a portion of Lincoln avenue and of Main street, above Lincoln avenue, and forced the water from those portions down Main street, where it would not have naturally run, and the volume of the water thus largely increased was forced down Main street, through these insufficient gutters.

A heavy rain occurring, the gutters were filled up with sand and gravel on both sides of the street, and the water about half way down the hill ran across the street (Main street), from the south side, overflowed the platform in front of the Aurora House, and the gutter on the north side of the street being choked up so water could not pass through, the basement of the house was flooded, and the tea, coffee and sugar of the plaintiffs were destroyed, and for the injury this action was brought.

Much testimony was taken on both sides in support and in rebuttal of the theory of the plaintiffs, that the injury was the result of an improper exercise of the power of the city in draining and grading the streets.

The court gave to the jury, on behalf of the plaintiffs, the following instructions :

" A city has no more power over its streets than a private individual has over his own land ; and it cannot, under the plea of public convenience, be permitted to exercise that dominion to the injury of the property of any one else, in a mode that would render a private individual responsible in damages, without being responsible itself.

" If the jury believe, from the evidence, that the city of Aurora, in Main street in said city, fixed the grade and constructed the street and caused to be constructed sewers and drains on said street to carry off the surplus water which necessarily, in case of rains, would run down said street, by reason of said grading; and that, in September, 1867, there came a rain, and said sewers or drains were stopped up, or were otherwise defective, so that they would not carry off the surplus water, and thereby the water from said rain was forced into the basement of the plaintiffs' building, and the plaintiffs thereby damaged, then the jury should find for the plaintiffs to the amount which the proof shows such damage to be.

" If the jury believe, from the evidence, that the sewers, drains or gutters on the south side of Main street in the city of Aurora were stopped up or otherwise defective; and that, at the time of the rain storm in September, 1867, the water, by reason of such defect in said sewer, drain or gutter, was forced across Main street toward the premises of the plaintiffs; and that, by reason of the defective drain, sewer or gutter under the railroad track on the north side of Main street, the basement of the Aurora House was flooded by water, and plaintiffs' property damaged, then the jury should find for plaintiffs, to the amount which the proof showed such loss to be.

" Although the jury may believe, from the evidence, that prior to the creation of Main street, there was a natural watercourse which drained the land lying on or back of what is now Lincoln avenue, which ran across a portion of what is now Main street toward the Aurora House, and that the water in a

wet time ran around the said Aurora House; yet if the jury
further believe, from the evidence, that the city of Aurora
graded and fixed said Main street, and caused sewers, drains or
gutters to be put in said street so as to carry the surplus water
of a rain and the drainage of said street and the land above
mentioned down Main street to Fox river, changing the natu-
ral course of said water or increasing its volume, and that said
sewers, drains or gutters were defective, and in September,
1867, a rain came, and the water in such rain, while forcing
itself down said street by reason of said grade, found obstruc-
tions by reason of said sewers, drains or gutters being stopped
up or being otherwise defective, and was thereby forced into
the basement of plaintiffs, and damaged plaintiffs' property —
then the plaintiffs are entitled to recover the amount which
the proof shows the damage to be.

" The jury are instructed that the city of Aurora has the
control of all the sidewalks in said city ; and if the jury believe,
from the evidence, that the sidewalk on LaSalle street, in front
of the Aurora House, pitched toward said house, and was per-
mitted so to be constructed by said city, or the corporate author-
ities of the village of East Aurora, prior to said city's organiza-
tion, then said city cannot shield themselves from liability for
flooding plaintiffs' basement on account of the pitch of said
sidewalk."

The following were given for the defendant :

" It may be stated as a general principle, that when the
situation of two adjoining fields, lots or pieces, is such that the
water falling or collected by melting snows upon one naturally
descends upon the other, it must be suffered by the lower one
to be discharged upon his lands, if desired by the owner of the
upper field; but the latter cannot, by artificial trenches or
otherwise, cause the natural mode of its being discharged to be
changed to the injury of the lower field or lot, as by conduct-
ing it by new channels in unusual quantities on to particular
parts of the lower field or lot; therefore, if the jury believe,

from the evidence, that the water which flowed into the basement of the building, and occupied by plaintiffs in September, 1867, would have flowed upon the lot covered by the building, in a state of nature, then it still had the right to flow over the same, and the jury should find for the defendant. But if the jury also believe, from the evidence, that the natural flow of the said water across Main street was interfered with by the grading of Main street, and that the water was sought to be conducted by the city by drains and sewers down Main street to Fox river, and that, by reason of such interference and of insufficient sewers and drains, or by allowing the sewers to fill up, conducted the water by new channels in unusual quantities into the basement of said building, then the city is liable to the plaintiffs in this suit.

"If the jury believe, from the evidence, that the plaintiffs had notice or knowledge that their sugar, coffee and tea were being injured by the water, then it was their duty to remove the same, if they could have conveniently done so ; and all damage that accrued to the said groceries after such notice the plaintiffs can not recover, if the evidence shows that the same could have been removed without much trouble or inconvenience."

Other instructions were asked by the defendant, and refused.

The jury returned a verdict in favor of the plaintiffs for $95, and judgment was entered thereon, from which the city appealed.

Mr. B. F. Parks, for the appellant, on the principal question cited Washburne on Easements and Servitudes, 427 ; *Martin* v. *Riddle,* 26 Penn. 415 ; *Eiller* v. *Laubach,* 47 id. 155 ; *Lowin* v. *Francis,* 23 Mo. 181 ; *Bellows* v. *Sackett,* 15 Barb. 96 ; *Kauffmann* v. *Greseman,* 26 Penn. St. 407 ; *Adams* v. *Hemson,* 4 La. Ann. 165 ; *Luthemn* v. *Derrick,* 14 La. 161 ; *Hays* v. *Hays,* 19 id. 251.

Messrs. Wheaton & Searles, for the appellees, cited *Nevins v. City of Peoria,* 41 Ill. 502; *Rochester White Lead Co.* v. *City of Rochester,* 3 Comst. 464; *Furse* v. *The Mayor of New York,* 3 Hill, 612; *Ross* v. *City of Madison,* 1 Carter (Ind.), 281; *Lecour* v. *City of New York,* 3 Duer, 417; *Bailey* v. *The Mayor of New York,* 3 Denio, 540.

Per Curiam: The error relied upon for the reversal of the judgment in this case is the refusal of the court to give instructions asked for in behalf of the defendant. All the instructions have been carefully examined, those refused as well as those given. Most of those refused contained objectionable features, which rendered their refusal proper. Some of them might have properly been given, but we think they were substantially embraced in the instructions that were given for the defendant. Taking all the instructions together, given on both sides, they very fairly laid down the law to the jury, as applicable to the facts of the case.

They rested the liability of the city upon the question of fact, whether the alleged injury was caused by reason of the drains and sewers which the city had constructed, being defective or having become obstructed. The case comes within the principle of the case of *Nevins* v. *The City of Peoria,* 41 Ill. 502, and under that decision the law was correctly given to the jury.

Finding no substantial cause of complaint, in the refusing of instructions, the judgment must be affirmed.

*Judgment affirmed.*