## THE CITY OF ALTON

*v.*

## THOMAS M. HOPE.

68   167<br>165   380

1. MUNICIPAL CORPORATION—*liability for injury from want of repair to gutters on streets.* The legal liability of a city to lay out a street, build sidewalks, construct gutters, and grade and pave streets, is voluntarily assumed; but when the city constructs these improvements for the benefit of the public, it then becomes its duty to see that they are kept in repair.

2. Where a city suffered a gutter in a street, which it had constructed, to get out of repair, so that the water, which it should have carried off, was thrown upon the lots of an individual near by, and such person's buildings damaged in consequence of the flooding of the lots, it was *held*, that the city was liable for the damages so caused. .

3. Error—*which does no prejudice.* Although a refused instruction might properly have been given, yet when it is evident that its refusal worked no prejudice to the party asking it, the judgment will not be reversed for such error.

Appeal from the Circuit Court of Madison county; the Hon. Joseph Gillespie, Judge, presiding.

Mr. J. H. Yager, for the appellant.

Messrs. Hope & Wise, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action on the case, brought by Thomas M. Hope against the city of Alton, and tried in the circuit court of Madison county. The jury returned a verdict for plaintiff for $200.

The following plat, which was in evidence, shows the lots owned by the plaintiff, where the damage was done, and the situation of the streets, alley, etc:

NORTH.

WEST.                                                EAST.

WILLIAM          72¾          Cald-well.          STATE

FOURTH          STREET.          About 32 feet.

Curbing.

STREET.          HOGG.          Break—          MILLEN.          STREET.

Penitentiary Wall.                    ALLEY.          HOPE, 31.

                                                  HOPE, 32.

56 feet 9½ inches          SOUTH.          About 25 feet.
above low water.

The evidence shows that plaintiff owns lots 31 and 32, with a brick store on one and a frame dwelling on the other. The city of Alton graded and macadamized Fourth street, making gutters to carry off the water. That the gutters were out of repair, Mr. Webb, one of the witnesses, testifies: "The gutter on Fourth street is a narrow, deep gutter. There is a break in the curbing of the alley two feet wide and sixteen inches deep. The water ran through this break." John Millen swears: "Gutter on Fourth street defective, and is not large enough to carry off the water. I was there at the time of this rain. The water that ran on plaintiff's property came off Fourth street, through the break in the gutter."

It is apparent, from the evidence in this case, that the damage done plaintiff's property was occasioned by the defect in the gutter on Fourth street. The city, in the exercise of its authority under its charter, constructed these gutters for the purpose of conducting the water down Fourth street, and keeping it from flooding the property of plaintiff and others in that part of the city. Having assumed this responsibility, it was bound to keep these gutters in proper repair. The legal obligation of a city to lay out a street, build sidewalks, construct gutters, grade and pave streets, is one voluntarily assumed; but when the city constructs these improvements for the benefit of the public, it then becomes the duty of the city to see that they are kept in repair. The law governing this case has been fully settled by this court in the following cases: *City of Joliet* v. *Verley*, 35 Ill. 59; *Nevins* v. *City of Peoria*, 41 Ill. 502; *City of Aurora* v. *Gillett*, 56 Ill. 132.

It is insisted by the appellant that the circuit court erred in refusing one instruction, which read as follows:

"The court further instructs the jury that, under the pleadings in this case, the plaintiff is not entitled to recover damages for any injury to the brick wall of the plaintiff's building by the flow of water into the same."

We think this instruction might have properly been given, for the reason that the allegations in the declaration are not broad enough to enable plaintiff to recover for damage done the brick wall; but inasmuch as the defendant was not damaged by the court refusing to give the instruction, we can not reverse the judgment for that reason.

The evidence shows that the damage to the lower building was $161.35, and to the upper building $269.50, neither of which included the damage to the brick wall. The jury gave a verdict for $200, so that it is quite evident they allowed nothing to the plaintiff for the damage to the brick wall.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*