## WILLARD F. INMAN *vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

The doctrine that a municipality cannot be held liable for the consequences of an act which it is legally authorized or is required to perform will not justify an invasion of private property, even if the invasion is only consequential.

When a statute creates a new right or liability, and at the same time gives a remedy, the remedy given is exclusive; but when the right or liability was not created by the statute, but would have existed without the statute, the statute remedy is cumulative.

The city of Providence, required by statute to keep its streets in good repair, and authorized for this purpose to grade them and to change their grades, to make culverts, and build drains and sewers, so changed the grade of certain streets as to allow surface water which formerly flowed in other streets, and other surface water which was formerly ponded at some distance from the plaintiff's estate, to run down the street whereon his estate fronted, and thence on to his estate and into his cellar and well : —

*Held,* that the city was liable for the damages thus caused to the plaintiff.

*Held,* further, that the plaintiff's right of action did not arise from the mere change of grade in the highway, but from the injury suffered in and on his estate resulting from such change.

*Held,* further, that though the act of changing grades or providing sewers, or refusing to change them or to provide them, may involve a discretion, yet that this is not a sufficient defence to an action against the city when private property has been invaded and its use impaired without compensation.

The duties of highway commissioners were, under a statute, prescribed by the city appointing them, with *a proviso* that they should be "always subject to the orders of the city council" : —

*Held,* that their official acts must be presumed to be the acts of the city.

TRESPASS on the case. Heard under the following agreement signed by the attorneys of the litigants : —

" The plaintiff offers to prove the following facts :

" That, at the time of the grievances alleged in his declaration, he was the owner of an estate on the northerly side of Public Street, in the city of Providence, with a dwelling-house, barn, and other buildings and improvements thereon.

" That said city, prior to said time, caused the grade of said Public Street, which was a public highway, to be changed, and that the highway commissioners cut down a portion of a way called Updike Street, at its junction with Public Street, whereby the surface water, which had collected in a pond at the corner of Greenwich and Daboll streets, was carried through Mawney Street, a public street and highway, and into and through said Updike Street upon Public Street, and thence flowed upon the estate of the plaintiff, located at the lowest point on said Public

Street, and filled his cellars and well, and destroyed his property, and otherwise caused him great annoyance and injury.

" The plaintiff also offers to prove that, prior to said time, said city also changed the grade of Broad Street, which crosses Public Street, and thereby caused the surface water which came on said Broad Street, which formerly had not flowed into Public Street, to be turned into Public Street, which water also flowed along said street, and into and upon the plaintiff's estate, doing him similar injury. That he presented his claim to the city council[1] more than thirty days before this suit was commenced, and no compensation has been made to him for said injuries.

" If, upon these facts being proved, the plaintiff can maintain his action, the cause is to stand for hearing before the court upon the question of damages; otherwise judgment is to be entered for the defendant."

*Charles H. Parkhurst*, for the plaintiff.

The act of a municipal corporation in grading streets so as to turn surface water upon the land of an individual, which did not naturally flow upon such land, is a taking of private property for public uses within the meaning of the Constitution. Angell & Durfee on Highways (2d ed.), p. 238; Wood on Nuisances, § 755; 2 Dillon on Municipal Corporations, § 799; *Buller* v. *Peck*, 16 Ohio, 334; *Pettigrew* v. *Evansville*, 25 Wis. 223; *Hoyt* v. *Hudson*, 27 Wis. 656; *Nevins* v. *Peoria*, 41 Ill. 502.

*Nicholas Van Slyck*, City Solicitor, for the defendant.

I. A corporation is not liable to an action for consequential damages to private property or persons, unless it be given by statute, where the act complained of was done by it or its officers, under and pursuant to authority conferred by a valid act of the legislature, where there has been no want of reasonable care, or of reasonable skill in the execution of the power. *Callender* v. *Marsh*, 1 Pick. 418; *Rounds* v. *Mumford*, 2 R. I. 154; *Sprague* v. *Worcester*, 13 Gray, 193; *Perry* v. *Worcester*, 6 Gray, 544; *Flagg* v. *Worcester*, 13 Gray, 601, 605; Dillon on Municipal Corporations, § 781; *Radcliffe* v. *Mayor of Brooklyn*, 4 N. Y. 195; *Bennett* v. *New Orleans*, 14 La. 120; *The Governor* v. *Meredith*, 4 Term Rep. 794; *Hicks* v. *Dorn*, 42 N. Y. 47; *Snyder* v. *Rockport*, 6 Ind. 237.

[1] As required by Gen. Stat. R. I. cap. 31, § 11.

II. There is no liability on the part of a municipal corporation for not exercising powers it may possess to improve streets, to construct gutters, or provide other means of drainage for surface waters, so as to prevent them from flowing upon the adjoining lots. Dillon on Municipal Corporations, § 799; *Wilson* v. *Mayor of New York*, 1 Denio,. 595; *Mills* v. *Brooklyn*, 32 N. Y. 489; *Roll* v. *Augusta*, 34 Ga. 326; *Carr* v. *Northern Liberties*, 35 Pa. St. 324; *Achison* v. *Challis*, 9 Kansas, 603, 610; *Bennett* v. *New Orleans*, 14 La. An. 120.

III. The duty of providing drainage for surface water is, in its nature, judicial or *quasi* judicial, requiring the exercise of judgment as to time, &c., best means, plan, &c. It follows that the corporation is not liable to a civil action for wholly failing to provide drainage or sewerage. Dillon on Municipal Corporations, § 801; *Child* v. *Boston*, 4 Allen, 41, 52; *Wilson* v. *Mayor of New York*, 1 Denio, 595; 5 Am. Law Reg. N. S. 33, note.

IV. There is no liability on the part of a municipal corporation for grading or changing the established grade of its streets, although the exercise of the power may be injurious to the adjoining property owners, unless the liability is imposed by statute. Dillon on Municipal Corporations, § 782; *Rounds* v. *Mumford*, 2 R. I. 154–163; *Smith* v. *Washington*, 20 How. U. S. 135, 149.

*a.* Of the necessity or expediency of the exercise of its powers, the governing body of the corporation, and not the courts, are judges. Dillon on Municipal Corporations, § 543; *Callender* v. *Marsh*, 1 Pick. 416; *O'Conner* v. *Pittsburgh*, 18 Pa. St. 187; *Markham* v. *Mayor of Atlanta*, 23 Ga. 402, 406; *City of New Haven* v. *Sargeant*, 38 Conn. 50; *Plum et al.* v. *The Morris Canal & Banking Co. et al.* 10 N. J. Eq. 256.

*b.* If the legislature gives a remedy, that remedy alone can be pursued. Dillon on Municipal Corporations, § 543; *Hovey* v. *The Mayor*, 43 Me. 322, 332; *Andover* v. *Gould*, 6 Mass. 40; *Boston* v. *Shaw*, 1 Met. 130.

*c.* The liability of towns and cities in this state for changing the established grade is fixed, and the remedies given, by cap. 60 of the General Statutes, from § 34 to § 41 inclusive.

V. Provisions of law in a city charter, authorizing the opening and improving of streets, or the construction of works of a

public nature therein, within the scope of the legitimate uses of streets and highways, are not unconstitutional because they omit to provide compensation for those who, although their property is not taken, suffer indirect or consequential damages. Dillon on Municipal Corporations, § 784, and cases cited in note 1, p. 902, 2d ed.

*a.* But this question has been passed upon and decided, in *Rounds* v. *Mumford,* 2 R. I. 160.

VI. Authority to establish grades for streets involves the right to make changes in the surface of the ground, which may affect injuriously the adjacent property owners; but where the power is not exceeded there is no liability unless created by statute, and then only in the modes and to the extent provided for the consequences resulting from its being exercised and properly carried into execution. Dillon on Municipal Corporations, §§ 798, 799, 800; *Flagg* v. *Worcester,* 13 Gray, 601; *Turner* v. *Dartmouth,* 13 Allen, 291; *Franklin* v. *Fisk,* 13 Allen, 211; *Dickinson* v. *Worcester,* 7 Allen, 19; *Barry* v. *Lowell,* 8 Allen, 127.

VII. A municipal corporation is not liable for the acts of a surveyor of highways, nor is the city of Providence liable for the acts of the highway commissioners. If acting within the scope of their authority, without negligence, carelessness, or wilfulness, then there is no liability; and if their acts are without the scope of their authority, or are negligent, careless, or wilful, then the commissioners may be liable personally, but not the city. *Aldrich* v. *Tripp, ante,* p. 141; *Walcott* v. *Swampscott,* 1 Allen, 101; *Barney* v. *Lowell,* 98 Mass. 570.

*March* 10, 1877. DURFEE, C. J. The city of Providence is a municipal corporation capable of suing and being sued like any other corporation. The question is, whether, being such a corporation, it is liable to be sued for the injury to prove which the testimony is offered. There can be no doubt that an action would lie against a private corporation or individual for a similar injury; for the right to fight surface water certainly does not go so far as to justify a man's draining the puddles of his own land into the well and cellar of his neighbor. Why, then, will not the action lie against the city. The answer given is, that the water was not discharged upon the plaintiff's premises from land belonging to the city, but from a public street, and was so discharged in con-

sequence of a change of grade or surface in that and other streets made by the city under the authority of the statutes of the state. And it is argued that a public corporation, acting for the public within the limits of its authority, is not liable, unless made liable by statute, for the damages resulting to individuals from its acts.

It is perfectly well settled that a town or city is not liable, unless made so by statute, for damages resulting to an abutting owner from a mere change in the grade or surface of a highway made by such town or city, if the change does not extend beyond the limits of the highway. Such a change may occasion great inconvenience, and oblige the owner to incur great expense to adjust his houses or lands to the new grade or level; but, nevertheless, he must bear the inconvenience and expense, if they come, without compensation; for no right of his is invaded so long as the change does not create a nuisance, and is confined strictly within the limits of the highway. The loss which he suffers from such a change is *damnum absque injuria.* 2 Dillon on Municipal Corporations, § 783. Many of the cases cited for the defendant are cases in which this doctrine is sustained. In the case at bar the defendant asks us to go further; for, in the case at bar, the plaintiff complains not of what has been done *in* the streets, but of what has happened upon his own land, in consequence of what has been done in the streets. See *St. Peter* v. *Denison*, 58 N. Y. 416, 423. His property has been invaded, and the question is, whether he is entitled to any remedy against the city for the invasion. There are cases which hold, or seem to hold, that no action lies against a city even for such an injury. *Wilson* v. *Mayor, &c. of New York*, 1 Den. 595; *Clark* v. *City of Wilmington*, 5 Harring. Del. 243. The ground of these decisions is, that a city cannot be answerable at law for the consequences of an act which it is legally authorized or required to perform. But we think this doctrine, the abstract truth of which cannot well be gainsaid, is misapplied when it is held to sanction an invasion of private property, even though the invasion is only consequential. Let us consider the doctrine as it applies to the case at bar. The city of Providence is required to keep its streets in proper repair, and is authorized, in the discharge of this duty, to grade them and to alter their grades. Whatever, therefore, is done by the

city in the discharge of this duty, or in the exercise of this authority, must be deemed to be rightfully done, so long as there is no encroachment upon private property. But does it follow from this that the city has the right to grade its streets so as to collect the water from a wide area, some of it from distant puddles or ponds, and bring it, charged with all the miscellaneous filth of the streets, to the margin of the plaintiff's land, and then empty it upon his land, and into his cellar and well? The statute should not be unnecessarily construed to sanction any such result. And so long as it is in the power of the city to make drains and culverts, as well as to alter grades, it is not necessary to give the statute such a construction. Or, if it is necessary, then the statute is, so far, unconstitutional and void, and cannot protect the city from liability. Suppose the statute authorized the city in so many words to do what the plaintiff claims has been done, can there be any doubt that it would be unconstitutional, as authorizing the taking of private property for public use without just compensation? Certainly, property is taken, to some extent, when its beneficial use is destroyed or impaired in this way, as well as when its owner is directly and formally excluded from its enjoyment. *Pumpelly* v. *Green Bay Co.* 13 Wall. 166 ; *Eaton* v. *Boston, C. & M. R. R. Co.* 51 N. H. 504. And if a statute could not in so many words authorize the grievances complained of, it could not any better authorize them by the employment of general and indefinite terms.

The view which we have taken has the support of respectable authority. Indeed, it is approved by the general current of recent decision. Thus in Illinois, in *Nevins* v. *City of Peoria*, 41 Ill. 502, it was held that a city may elevate or depress its streets as it thinks proper; but if in so doing it turns a stream of mud and water upon the grounds and into the cellar of one of its citizens, or creates in his neighborhood a stagnant pond that brings disease upon his household, it should not be excused from paying for the injuries it has directly brought. A city, say the court, has no more power over the streets than a private individual has over his own land ; and it cannot, under the specious plea of public convenience, be permitted to exercise that dominion to the injury of another's property, in a mode that would render a private individual responsible in damages without being responsible

itself. This decision has been reaffirmed in several subsequent cases. *City of Aurora* v. *Gillett et al.* 56 Ill. 132; *City of Aurora* v. *Reed*, 57 Ill. 29; *City of Jacksonville* v. *Lambert*, 62 Ill. 519.

So, in Wisconsin, the same point has been similarly decided. *Pettigrew* v. *Village of Evansville*, 25 Wis. 223. And the court held that, if a city wishes to acquire the right to turn a stream of water upon the property of an individual to his injury, it must do so by an exercise of the power of eminent domain, and by the payment of full compensation, as the Constitution requires.

The Supreme Court of Michigan, in a careful decision recently delivered by Cooley, C. J., affirms the same doctrine. *Ashley* v. *The City of Port Huron*, 15 Albany Law Journ. 81, for February 3, 1877. The court there decides that a municipal corporation is no more exempt from liability than an individual, when that which it does results in the invasion of private property; that if a city constructs a sewer so as to discharge its waters upon private property, it is responsible for the injury; and that the flooding of private property is just as much an appropriation as would be the taking of an easement in it. And see *Clark* v. *Peckham*, 9 R. I. 455.

The counsel for the city contends that the city is not liable because the changing or refusing to change a grade, and the providing or refusing to provide sewers and culverts, is discretionary or judicial. We think, however, that this defence, though it might be good if the city were complained of for not doing such an act, or for doing it in an insufficient manner, is not a sufficient answer where private property is invaded and its beneficial use destroyed or seriously impaired without compensation.

Our statute, Gen. Stat. R. I. cap. 60, § 38, gives an abutting owner, who is injured by any change in the grade of a highway, a peculiar statutory remedy. The defendant contends that, such a remedy being given, it is the only remedy. Where a statute creates a new right or liability, and at the same time gives the remedy, it has been held that the remedy given is the only remedy. The liability here incurred was not created by the statute. It would have existed, and a right of action on it would have existed, if the statutory provisions referred to had never been

enacted. The remedy given, therefore, supposing it to be applicable, must be regarded in this respect as cumulative, not exclusive.

The defendant contends that the city is not liable for the acts complained of, or some of them, because they were done by the highway commissioners. We think, however, that the changes complained of, *primâ facie* at least, must be regarded as the act of the city, which is answerable for the repair of the streets, and which, moreover, unlike towns in respect of surveyors, is *specially* authorized to prescribe the duties of the highway commissioners. See City Charter, sec. IX. clause 4; Public Laws, cap. 965, Act of January 26, 1872. The city has prescribed their duties by ordinance, specifying certain duties, and requiring them to perform generally the duties of a surveyor of highways, with a proviso, however, that they shall be "always subject to the orders of the city council." City Ordinances, cap. 36, § 17. Their official acts, therefore, however it might be in the case of a surveyor of highways, must be presumed to be, in legal effect, the acts of the city. And see *Conrad* v. *Trustees of the Village of Ithaca*, 16 N. Y. 158; *Eastman* v. *Meredith*, 36 N. H. 284, 293.

We think the testimony offered is admissible. The case, therefore, must stand under the agreement for an assessment of damages.