## Ferdinand Leynaud, Appellee, v. Village of Cherry, Appellant.

## Gen. No. 6,286.

1. MUNICIPAL CORPORATIONS, § 892*—*how street grade may be established.* A street grade may be established by user.

2. MUNICIPAL CORPORATIONS, § 1114*—*what is liability for abandoning street grade and allowing surface waters to follow former course.* After the establishment by a municipality of a street grade by user or ordinance, such grade cannot be abandoned and surface waters returned to their natural course without incurring liability for damages occasioned abutting owners.

3. MUNICIPAL CORPORATIONS, § 1114*—*what is liability of for diverting surface water from streets.* A municipality is liable in damages for diverting surface waters upon premises of a lot owner in the proper construction of its streets.

4. MUNICIPAL CORPORATIONS, § 1116*—*what is duty as to repair of gutters and grades of streets.* Where a municipality has built gutters and grades of streets, it becomes its duty to abutting owners to keep them in repair.

5. MUNICIPAL CORPORATIONS, § 1114*—*what is liability of city for overflow of land due to building culvert returning surface waters to former course.* Where a municipality built a certain culvert which carried waters from their natural course across certain lots elsewhere and so maintained the drainage for six or seven years, and in the meantime plaintiff purchased said lots and built a dwelling house thereon, and thereafter the municipality built a second culvert which returned the waters to their natural course over plaintiff's lots, *held* that the condition prior to the building of the second culvert had lasted long enough so plaintiff had a right to assume the municipality would not attempt to return the waters to their natural course, and he would be entitled to substantial damages, in an action for damages for such overflowing of his lands by reason of the second culvert.

6. PLEADING, § 32*—*what constitutes surplusage.* In an action against a city to recover damages for overflowing of plaintiff's lands, *held* that an allegation in an amended declaration that the waters complained of did not flow in a natural water course was surplusage where the allegation in the original declaration and the proof showed the defendant's liability.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 12, 1916.

J. L. SPAULDING, for appellant.

J. L. MURPHY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

Appellant, Village of Cherry, was organized in 1905. Appellee, Ferdinand Leynaud, owns lots five, six and seven in block thirteen in Myrick's First Addition to the village. He purchased lot seven in June, 1906, and lots five and six in August, 1910. Six is a corner lot fronting south on Cherry avenue and west on Second street. Five joins it on the north and fronts on Second street. Seven fronts on Cherry avenue and is across an alley east from lot six. Appellee had a store on lot seven, and built a dwelling house on lot six in 1911. He brought this action on the case to recover damages for injury to said real estate and some personal property there kept caused by a flow of water across lots five and six, in some counts of his declaration basing his right of recovery on an alleged depreciation in market value and permanent injury to his real estate caused by the necessary improvement of Second street. He had a verdict and judgment for two hundred dollars which is not excessive if he was entitled to substantial damages. The village brings the record here for review.

It appears that in a state of nature there was a natural depression in which the water drained from the northwest across what is now Second street over lots five and six and across what is now Cherry avenue; that there was a low spot on a part of the land where lots five and six are now located making a swale there in wet weather. Before the organization of the

village there was a public highway where Second street now is. Within a year after the incorporation of the village a wooden culvert was placed in the natural water course somewhat diagonally across Second street, and not the entire width of the street. This culvert was not of sufficient capacity to take all the water from the northwest that came in that direction in a wet time, and some of it flowed down the west side of Second street, some down the east side, and in times of high water some of it across lots five and six in the old natural course. Appellant built a concrete culvert clear across Second street in 1913, so. that none of the water reaching Second street from the northwest would be discharged upon that street, but would be conducted across it and discharged on lot five to flow in the old natural depression as it had not all theretofore done in the preceding six or seven years. It is this flow of water that appellee complains of. In his declaration he charged the wrongful turning of water upon his lands. During the trial he amended by adding the averment that the water complained of did not flow in a natural water course. The court refused appellee's instructions to the effect that he might recover damages if the water did flow in a natural water course after having been so diverted from that course by appellant for six or seven years, and instructed the jury that there could be no recovery if the flow was in a natural depression or water course. Appellee assigns cross errors on this action of the court.

The evidence leaves little, if any, doubt that the water complained of flowed in a natural depression, or water course, except as it had been slightly changed across lots five and six by appellee's grading on those lots. There was some evidence as to an increase of flow and damage at a particular time complained of because of a dam that had been constructed by a coal company in the water course some distance northwest

of the culvert, and some evidence that the natural course of the water had been obstructed by operations of a railroad company some distance southeast of the place in question. (Appellant had constructed another culvert across Cherry avenue to take care of the water after it had crossed lots five and six.) If it is true as matter of law that appellant had the right to disregard the diversion of the water caused by its street and wooden culvert in 1906 and seven years later return it to its old water course across appellee's premises, the evidence furnishes no ground for the recovery of substantial damages. But we are of the opinion that no such right existed. It does not appear that appellant had by ordinance established any street grade, but we think a grade may be established by user, and that a municipality after establishing a grade of its streets by user or ordinance cannot be permitted to abandon that grade and return surface waters to their old natural water course without incurring liability for damages occasioned abutting owners.

It is well settled in this State that a municipality is liable in damages for diverting surface waters upon the premises of a lot owner in the proper construction of its streets. (*City of Aurora v. Reed*, 57 Ill. 29; *Nevins v. City of Peoria*, 41 Ill. 502; *City of Aurora v. Gillett*, 56 Ill. 132; *City of Dixon v. Baker*, 65 Ill. 518; *City of Elgin v. Kimball*, 90 Ill. 356.) And that when a municipality has built gutters and grades of streets it becomes its duty to abutting owners to keep them in repair. (*City of Alton v. Hope*, 68 Ill. 167; *City of Shawneetown v. Mason*, 82 Ill. 337; *Stack v. City of East St. Louis*, 85 Ill. 377; *Tearney v. Smith*, 86 Ill. 391; *City of Chicago v. Seben*, 165 Ill. 371.)

In some States the municipality is not held liable for casting water upon the abutting lot owner in the proper improvement of its streets, as will be seen by reference to cases cited in 36 Cent. Dig. "Municipal

Corporations,'' sec. 1784. Therefore expressions in the opinions of courts of those States must be read remembering the radical difference in holdings from this and other States as to liability resulting from damages occasioned by proper street improvements.

Appellee purchased his premises and built a dwelling house thereon when the condition of Second street was such as not to precipitate all of the natural drainage across his land. A substantial part of it went down Second street and turned east on Cherry avenue instead of going diagonally across his lots. We are of opinion that such condition had lasted long enough so he had a right to assume that the village was taking care of a portion of the surface water in this way, and would not attempt to change it back to its natural course across his lot; therefore, that he was entitled to substantial damages when it did so. Appellant in this proceeding has acquired the permanent right to discharge this flow of water across appellee's premises. That is a substantial benefit relieving it of expense and burden in taking care of Second street. This benefit has been obtained at so small a cost that the judgment ought not to be disturbed, unless the law imperatively requires it.

Appellant argues that appellee should be held to his allegation in his amended declaration that the water complained of does not flow in a natural water course, and that the proof, failing to establish that fact, he should not be permitted a recovery on the present condition of the pleadings. We think that averment may be treated as surplusage. The material facts under our view of the law were stated in the declaration, and proven on the trial. Appellee did not prove this added averment. We regard his case complete without it.

It is argued that the court erred in excluding certain evidence of the admission of appellee as to there being

546     APPELLATE COURTS OF ILLINOIS.

a natural water course across his lots. If this was error, and we do not hold it was, it did not harm appellant because there was no question as to that fact. We are of the opinion that the only substantial error in the record was in holding, in substance, that appellee could not recover if the water complained of was flowing in an old natural water course, and as this error was in favor of appellant the judgment is affirmed.

*Affirmed.*